## J. B. McPHERSON v. THE STATE OF KANSAS, *ex rel.*
### No. 10415.

1. FORFEITURE OF COUNTY CLERK'S OFFICE—*colluding in withdrawing of scalps for second presentation and paying bounties twice is ground for.* The action of a county clerk in permitting scalps of wild animals upon which bounties had been paid to be taken out and presented a second time, and for which bounties were again knowingly allowed by the county clerk, who issued orders upon the county treasurer which were paid, and the proceeds of which were divided between the county clerk and those acting in collusion with him, is a ground of forfeiture for which the county clerk may be removed from office.

2. —— *No defense that object was to detect and expose those so colluding with him.* The claim that these practices, which continued for some time and with a number of persons, were for the purpose of detecting and exposing those who were acting in collusion with him, and that he intended to return the money received by himself, does not constitute a defense in the action for removal.

3. —— *return of money he had thus obtained after he is discovered, does not relieve from forfeiture.* The fact that the county clerk returned the money wrongfully obtained from the county treasury after he learned that a disclosure had been made

and proceedings were about to be taken against him does not miti-
gate his misconduct nor relieve him from the penalty of forfeiture
which the law declares.

4. —— *immaterial whether bounty law valid or not.* Whether
the bounty law is valid or invalid, the action of the county clerk
in wrongfully assisting to draw money from the county is official
misconduct and sufficient cause for removal from office.

Error from Sheridan District Court. C. W. Smith,
Judge. Opinion filed January 8, 1898. *Affirmed.*

*H. J. Harwi*, for plaintiff in error.

*Selden G. Hopkins*, for defendant in error.

JOHNSTON, J. This was a proceeding by the State
of Kansas, brought upon the relation of the county
attorney, to remove J. B. McPherson from the office
of county clerk of Sheridan County. An order was
made by the board of county commissioners authoriz-
ing the payment of a bounty of five cents each for
rabbits, and one dollar each for wolves, captured and
killed within the limits of the county of Sheridan.
The scalps of the animals, containing both ears, were
to be delivered to the county clerk, whose duty it was
to cause them to be destroyed. It is alleged that, in-
stead of destroying the scalps, he fraudulently en-
tered into collusion with several persons, and allowed
the scalps upon which bounties had been paid to be
taken out with the understanding that they were to
be returned again and bounties received upon them a
second time, which bounties were corruptly divided
between the county clerk and those acting in collusion
with him.

The allegations of wrong and fraud were sustained
by ample testimony, and in fact the charges were
substantially conceded by McPherson. He admitted
that the scalps were taken out when they should have
been destroyed, and that money was drawn from the

county as bounties on scalps which had been presented more than once, with his knowledge, and that he received a portion of the bounties so wrongfully obtained from the county. When he learned that a disclosure had been made and that proceedings were about to be taken against him, he returned the money to the county treasurer, who gave him a receipt for it, dating the receipt, at the request of McPherson, some weeks prior to the time of payment. In extenuation of his conduct, he stated that he learned that there was a scheme on hand by some persons to entrap him and cause his removal from office by inducing him to return the scalps and allow duplication of the payment of bounties thereon, and that he decided to accept their proposition and see to what extent they were willing to go ; but that he had no intention of defrauding the county out of any money, and in proof of his innocence he cites the fact that the money was returned after the discovery was made.

The court properly directed a verdict in favor of the State. The admissions of the defendant left no question of fact for the jury to try. In collusion with others he used his official authority to wrongfully draw out public moneys, and the fact that he returned the share which he obtained does not mitigate his misconduct nor relieve him from the penalty of forfeiture which the law declares.

1, 2. Collusion ground for forfeiture.—Return of money no defense.

The claim that he acted with good motives is not easily understood. He knowingly drew orders on the treasurer, the payment of which operated as a fraud upon the county ; and more than that, he actually drew part of the money upon the fraudulent claims himself from the county treasury. It is true, he says that this was done to uncover a conspiracy against him, and to ascertain how far those acting in collu-

sion with him would go in their raid upon the treasury. It is noticeable, however, that no money could have been obtained except upon orders signed officially by him; also that the fraudulent practice continued for a long time, and the fruits of the frauds were divided with and kept by him until the public officers learned of the frauds and were about to institute proceedings against him.

If it were conceded that his intentions from the beginning were to detect the wrongs of others and finally to return the money received by himself, it would not excuse his misconduct. It is a lame apology to say that he committed an offense in order to detect the commission of another. What he did was done purposely and wilfully. It was done in his official capacity and for a pecuniary benefit to himself. From his own admissions it must be held that it was fraudulently and corruptly done, and therefore the court rightly held that he had forfeited his office.

*2. No defense that object is to detect those colluding with him.*

An attack is made upon the act authorizing the payment of bounties on the scalps of wild animals (Laws 1889, Ch. 90, Gen. Stat. 1889, ¶ 1665; 1897, ch. 27 § 173), because it purports to repeal chapter 73 of the Laws of 1873, instead of the Laws of 1885. It may be remarked, however, that the act purports to repeal all laws in conflict with that enacted. However, the validity of the law is a matter of no importance so far as this proceeding is concerned. Whether valid or invalid, the defendant was guilty of official misconduct in wrongfully colluding with others to perpetrate a fraud upon the county. He acted in his official capacity, and, as before stated, if he had not officially signed the orders, the money could not have been obtained. Neither is it any excuse for him that the chairman

*4. Validity of law immaterial.*

of the board of county commissioners did not join with him in the execution of the orders. The county clerk is authorized to sign all orders issued for the payment of money upon demands or claims allowed against the county. They were signed by him.in his official capacity, and the fact that the orders were irregularly issued will not exempt him from the consequences of his faithless and fraudulent conduct.

The judgment of the District Court will be affirmed.